Filed 9/1/16  In re H.S. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re H.S., a Person Coming Under the Juvenile Court Law. | C081010 |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, Plaintiff and Respondent, v. R.S., Defendant and Appellant. | (Super. Ct. No. JD235112) |

R.S., father of the minor, appeals from orders of the juvenile court entered at the 12-month review hearing terminating his reunification services.  (Welf. & Inst. Code, §§ 366.21, subd. (f), 395 [further undesignated statutory references are to the Welfare and Institutions Code].)  Father contends there was insufficient evidence to support the juvenile court's finding that he was provided reasonable services.  We affirm.

1

**FACTS**

The Sacramento County Department of Health and Human Services (Department) filed a petition in August 2014 alleging the three-year-old, non-verbal autistic minor, H.S., was at risk of sexual abuse because father molested the minor's nine-year-old half sibling and the mother knew or should have known of the abuse and failed to protect the half sibling. The court sustained the petition, removed the minor from parental custody, and ordered reunification services for the parents. The judgment was affirmed on appeal in case number C078319.

The six-month review report filed in June 2015 recommended further reunification services for the parents. Both parents had completed, or were near completing, the plan requirements. Mother's therapist did not recommend further counseling, stating mother had met the requirements of non-offending counseling. Mother had disclosed in therapy that she believed the half sibling had been sexually abused, but not by the father of the minor. Father's therapist also did not recommend further sessions. The therapist said father was participating in the sessions but denied sexual abuse of the half sibling. "[B]ased on the father's personality and participation during sessions," the therapist did not think the allegations of sexual abuse were true. The therapist's subsequent report said: "Previously it was stated that we cannot know if [father] is a perpetrator without further assessments which were not requested. We have no evidence to suggest he sexually abused his children." The social worker was concerned that the therapists supported the parents in their continued denials that the half sibling was sexually abused by father, despite the fact that the allegations were sustained by the court, and concluded the parents were not benefiting from services. At the review hearing, the court ordered further services and continued the minor in foster care. The orders were affirmed on appeal in case number C079602.

The October 2015 report for the 12-month review hearing recommended termination of services for both parents. H.S. continued to receive specialized services to

2

deal with delays related to the autism diagnosis. Mother had completed general counseling but was discharged from the subsequent sexual abuse services for missing appointments. Father's therapist spoke with the social worker after the six-month review hearing and explained that father had not admitted perpetrating sexual abuse on the half sibling. The therapist said she needed further information on father and wanted him to take a polygraph test to assess his honesty in treatment and an "ABEL" assessment to assess criminality, sexual interest, and risk of abusing children.[1] The social worker referred father to the requested assessments and made a referral for further therapy. The counseling service informed the social worker father's case was being closed because he missed appointments to take the polygraph test and, after consulting with his counsel, decided not to participate further in therapeutic services. Father had completed other aspects of his plan, including maintaining visitation with H.S. Both parents declined to participate in assessments recommended by their therapists to assist the therapeutic process and continued to deny and minimize the sexual abuse of the half sibling. Father gave the social worker conflicting explanations of why the half sibling disclosed sexual molestation but had shown neither benefit from services nor the capacity to protect either the minor or the half sibling from potential sexual abuse.

At the hearing in December 2015 the social worker testified that father's case plan included parenting education, substance abuse testing, general counseling, and sexual abuse offender counseling. By the six-month review hearing, father had completed the education, testing, and general counseling requirements, some of which were addressed in the individual sessions with his sexual abuse offender therapist rather than the group setting because father objected to working in the group. Father's therapist for the sexual

---

[1] The therapist was referring to the Abel Assessment for Sexual Interest (Abel assessment), described in *U.S. v. Birdsbill* (D.Mont. 2003) 243 F.Supp.2d 1128, 1131 and footnote 3.

abuse offender counseling confirmed that he was participating at that time but that he continued to deny the sexual abuse allegations. The social worker testified that the Department's report for the six-month review hearing said that the therapist thought the allegations against father were not true, but that was not what the therapist told her later. The social worker spoke to the therapist after the six-month review hearing and the therapist explained there was nowhere to go therapeutically based on the father's presentation and the therapist would need a polygraph test and another assessment to make any progress and determine if father was a perpetrator of the half sibling's abuse. Further, the therapist said she had no opinion on the truth of the allegations. The social worker said visits remained supervised because the minor was nonverbal.

The court found that the parents had participated in the majority of the services by the six-month review hearing and had made substantive progress up to that point. However, the central issue in the case was the sexual molestation of the half sibling. The court noted that the parents' services were designed to produce some accountability on the part of the parents in acknowledging that the molestation had occurred and in demonstrating the capacity to protect the minor. Since the six-month review, neither parent had attended therapy sessions or made progress in addressing that issue. The court had expected father to engage in therapy to minimize the risk to the minor but he had not done so. The court considered the issue of the therapist requiring a polygraph test to be a red herring because there were other services father could have engaged in and made some effort to show modification of his behavior to the point that he could be safe in parenting H.S. Consequently, the court followed the Department's recommendation and terminated services for the parents because neither one benefited from services which were offered or provided to them.

## DISCUSSION

Father contends there was insufficient evidence that the Department provided reasonable services to him in the period prior to the 12-month review hearing because he

4

was referred only to therapy which required him to take a polygraph test. He argues the case plan was not modified to include a requirement that he submit to the test and when father declined to submit to the polygraph test, the Department did not provide referrals to other services which would not require it.

When the sufficiency of the evidence to support a finding or order is challenged on appeal, even where the standard of proof in the trial court is clear and convincing, the reviewing court must determine if there is any substantial evidence—that is, evidence which is reasonable, credible, and of solid value—to support the conclusion of the trier of fact. (*In re Angelia P.* (1981) 28 Cal.3d 908, 924; *In re Jason L.* (1990) 222 Cal.App.3d 1206, 1214.) In making this determination we recognize that all conflicts are to be resolved in favor of the prevailing party and that issues of fact and credibility are questions for the trier of fact. (*In re Jason L.*, at p. 1214; *In re Steve W.* (1990) 217 Cal.App.3d 10, 16.) The reviewing court may not reweigh the evidence when assessing the sufficiency of the evidence. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319.)

To provide reasonable services, the Department must identify the problems which led to loss of custody, design services to remedy the problems, maintain reasonable contact with the parent, and make reasonable efforts to assist the parent when compliance has proved difficult. (*In re Alvin R.* (2003) 108 Cal.App.4th 962, 972-973.) The question is not whether more or better services could have been provided, but "whether the services were reasonable under the circumstances." (*In re Misako R.* (1991) 2 Cal.App.4th 538, 547.) "Reunification services are voluntary, and cannot be forced on an unwilling or indifferent parent." (*In re Jonathan R.* (1989) 211 Cal.App.3d 1214, 1220.)

Father's progress in the first six months was adequate. He attended programs and made some progress in understanding parenting. After six months, father's therapist for sexual abuse offender counseling had reached a point where there was nowhere to go

5

therapeutically and she wanted additional assessments in the form of a polygraph test and an Abel assessment to shape his therapy. The social worker referred father to both the polygraph test and the Abel assessment as well as to ongoing therapy so that father could learn to safely parent the minor. Father objected to the polygraph test and refused to submit to it. This was only one component of his ongoing therapy plan and there was no evidence the therapist would refuse further treatment without that component, since progress could be made in learning to protect the minor. Moreover, there was another assessment, to which father did not object, that could assist the therapist in her ongoing work with father. Rather than engaging in the Abel assessment and continuing therapy, father withdrew from therapy entirely, refusing to address any aspect of the half sibling's sexual abuse or possible risk to the minor. The fact that father declined to participate in the offered services did not render the services unreasonable. (See, e.g., *In re Mario C.* (1990) 226 Cal.App.3d 599, 604.) Ample evidence supports the juvenile court's finding that the Department provided reasonable services to father. No error appears.

## DISPOSITION

The orders of the juvenile court are affirmed.


                                                            RAYE          , P. J.



We concur:



          BLEASE          , J.



          HOCH          , J.



6